# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| KAREEM J. COBBINS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 22-cv-1333-JBM |
| | ) |
| ROB JEFFREYS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER – AMENDED COMPLAINT

Plaintiff, proceeding *pro se* and currently incarcerated at Illinois River Correctional Center ("Illinois River"), files an Amended Complaint pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to his serious medical needs. (Doc. 10). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## ALLEGATIONS

Plaintiff files suit against Defendants Rob Jeffreys (the Director of the Illinois Department of Corrections), Cherryle Hinthorne (the Warden of Illinois River), Dr. Kurt Osmundson (the Medical Director at Illinois River), and Brittney Miller (an Advanced Practical Nurse at Illinois River).

1

Plaintiff alleges that on November 30, 2020, he informed correctional officer Lewis, who is not named as a party, that he had lost his sense of smell and needed to see a nurse. Plaintiff was assigned to the isolation wing at Illinois River and interviewed by a nurse.

On December 1, 2020, Plaintiff tested positive for COVID-19. Defendant Osmundson viewed and signed the report from the TCFH Laboratory on December 3, 2020.

On December 6, 2020, Defendant Jeffreys ordered all IDOC employees and incarcerated individuals to be tested for COVID-19 pursuant to certain testing protocols. (Doc. 12 at 10, ¶ 13). In July 2021, Defendants Jeffreys and Hinthorne allegedly implemented a policy to only test individuals in custody who had not been vaccinated for COVID-19. Plaintiff alleges that this policy was inapposite to what Defendant Jeffreys previously agreed to do on December 6, 2020, to prevent COVID-19 from spreading within prisons in Illinois.

Plaintiff claims that Defendants Jeffreys and Hinthorne violated his Eighth Amendment rights by allowing employees to expose him to COVID-19 because they refused to enforce the mask order issued by Dr. Ezike on April 19, 2020. As a result, Plaintiff alleges that he was exposed to and contracted COVID-19 from an Illinois River employee who failed to properly wear a mask.

After he contracted COVID-19, Plaintiff alleges that he was diagnosed with chronic obstructive pulmonary disease and "long-term Covid" and experienced symptoms of chronic fatigue syndrome, shortness of breath, persistent coughing episodes, chest/back pains, body aches, brain fog, forgetfulness, and vertigo. Plaintiff also alleges that he suffers from increased anxiety and depression and fears being reinfected with COVID-19.

Plaintiff alleges that he informed Defendants Osmundson and Miller that his health was deteriorating due to COVID-19, but he was always told that "it's normal" to have the symptoms he was exhibiting. (Doc. 10-1 at 12). Plaintiff claims that Defendants should have referred him to

specialists and failed to treat his symptoms. As a result, he alleges that his organs were permanently damaged, and he suffers physical discomfort and a diminished quality of life.

## ANALYSIS

It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and "either acts or fails to act in disregard of that risk." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). A claim does not rise to the level of an Eighth Amendment issue, however, unless the punishment is "deliberate or otherwise reckless in the criminal law sense, which means that the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable." *Antonelli v. Sheahan,* 81 F.3d 1422, 1427 (7th Cir. 1996); *see also Pyles v. Fahim*, 771 F.3d 403, 411-12 (7th Cir. 2014) (healthcare providers may exercise their medical judgment when deciding whether to refer a prisoner to a specialist). The failure to refer constitutes deliberate indifference only if it was "blatantly inappropriate." *Id*. at 411-12. Denying a referral in favor of "easier and less efficacious treatment" may be blatantly inappropriate if it does not reflect sound professional judgment. *Petties v. Carter*, 836 F.3d 722, 729-30 (7th Cir. 2016), *as amended* (Aug. 25, 2016).

Plaintiff does not specify if he is suing Defendants Jefferies and Hinthorne in their official or individual capacities. "[T]o be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Vill. of Oak Park,* 430 F.3d 805, 810 (7th Cir. 2005) (citations omitted). Defendants cannot be held liable merely due to their supervisory positions, as the doctrine of *respondeat superior* (supervisor liability) does not apply

to actions filed under § 1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). Plaintiff does not plead that he asked Defendants Jeffreys or Hinthorne for medical treatment, or that they were aware he needed treatment. Section 1983 liability is predicated on fault, so to be liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police,* 251 F.3d 612, 651 (7th Cir. 2001)).

Plaintiff's allegations regarding the lack of facemasks also fails to state a claim. *See Burnette v. Schmaling*, No. 20-1792, 2021 WL 1192362, at *2 (E.D. Wis. Mar. 30, 2021) (internal citation omitted). "[E]ven though housing inmates in close quarters and staff not wearing masks at all times may not be ideal practices, 'the challenges of managing [the pandemic] in a correctional setting are astronomical.'" *Id.* (quoting *Mayfield v. Peissig*, No. 20-269, 2020 WL 3414757, at *2 (W.D. Wis. June 22, 2020); *see also Money v. Pritzker*, 453 F. Supp. 3d 1103, 1136-37 (N.D. Ill. 2020) ("We emphasize that Defendants have broad authority to voluntarily take steps that may prevent the life-threatening spread of COVID-19 within their prisons, and we recognize the deference that is due to prison authorities to determine which additional measures must be taken to avoid catastrophic results."). It has been recognized the prison officials' failure to consistently wear masks does not satisfy either the subjective or objective component necessary for deliberate indifference. *Mayfield*, 2020 WL 3414757, at *1.

Plaintiff's conclusory allegations that Defendants Osmundson and Miller should have referred him to a specialist and failed to adequately treat his COVID-19 symptoms, without more supporting facts, falls short of pleading the culpable state of mind required for deliberate indifference. *See Thomas v. Martija*, 991 F.3d 763, 772 (7th Cir. 2021) ("It is not enough that the plaintiff simply believes the treatment was ineffective or disagrees with the doctor's chosen course

of treatment."). Plaintiff's Amended Complaint is replete with information about research related to "long-term" COVID-19, but Plaintiff failed to provide any facts related to the treatment Defendants Osmundson and Miller provided and allegedly failed to provide.

Therefore, Plaintiff's Amended Complaint is DISMISSED for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have a final opportunity to file a Second Amended Complaint within 30 days of this Order.

**IT IS THEREFORE ORDERED:**

**1.    Plaintiff's Amended Complaint is dismissed without prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have a final opportunity to file a Second Amended Complaint within 30 days. If Plaintiff's Second Amended Complaint fails to state a claim, this matter will be dismissed with prejudice. Failure to file a Second Amended Complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Plaintiff's Second Amended Complaint will replace Plaintiff's Amended Complaint in its entirety. The Second Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

**2.    Plaintiff's Motion to Request Counsel [16] is DENIED, within leave to renew if Plaintiff files a Second Amended Complaint that states a colorable federal claim.** *See Watts v. Kidman*, **42 F.4th 755, 764 (7th Cir. 2022).**

**3.    Plaintiff's Motions for Status [17], [18] are MOOT.**

ENTERED:    3/20/2023

s/ Joe Billy McDade<br>Joe Billy McDade<br>U.S. District Court Judge